1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

SEAN P. GJERDE dba LAW
OFFICES OF SEAN P. GJERDE,

         Petitioner,

       v.

UNITED STATES OF AMERICA,
et al.,

         Respondents.

_____/

No. 2:10-mc-00068 MCE KJN PS

ORDER and FINDINGS
AND RECOMMENDATION

17

18

19

20

21

22

        Petitioner Sean P. Gjerde dba Law Offices of Sean P. Gjerde (the "petitioner" or "Gjerde") filed a petition to quash two Internal Revenue Service Summons (the "petition") pursuant to 26 U.S.C. §§ 7609(b)(2) and 7609(h).[1]  (Dkt. No. 1.)  The two summonses address various records of petitioner's that are in the possession of two banks.[2]  Petitioner, an attorney representing himself in this action, raises two main arguments in support of his request.  The first argument is that the summonses seek client trust account documents containing the "identity of

23

24

25

26

    [1]   This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(10).

    [2]   The summons were issued to two third party financial institutions: Wells Fargo Bank N.A. and Elk Grove Commerce Bank.  (Dkt. No. 1 at 1; Exhs. 1-2.)

1

1   Petitioner's clients [and] is confidential information to which the IRS is not entitled." (Dkt. No.

2   1 at 4.)  The second argument is that the IRS "already possesses all relevant information to

3   determine Petitioner's tax liability . . . ."  (Id.)  In the alternative to an order quashing both

4   summonses, petitioner requests that the undersigned issue protective orders blocking the IRS's

5   access to the client trust account records.   (Id. at 1.)  For the reasons described below, the

6   petition to quash is denied in its entirety.

7   I.      BACKGROUND

8              In an order dated June 28, 2010, the undersigned ordered petitioner to effect

9   "proper service of process upon" respondents the United States of America, the Commissioner of

10  Internal Revenue, and agent Randall Zielke (the "respondents") within 30 days.  (Dkt. No. 2.)[3]

11  That same order directed petitioner to serve a copy of the order upon respondents and file a

12  certificate confirming such service.  (Id.)  Finally, that order directed respondents to "file and

13  serve an opposition to the petition and/or a motion for summary enforcement" within 30 days of

14  being served.  (Id.)

15             When respondents did not file and serve an opposition to the petition and/or a

16  motion for summary enforcement within 30 days, the undersigned issued an Order to Show

17  Cause ("OSC") why the petition should not be summarily granted.  (Dkt. No. 4.)  In their

18  "Response of the United States to the Court's Order to Show Cause," respondents explained that

19  their failure to timely file and serve an opposition to the petition was due to the fact that

20  petitioner failed to properly effect service upon them.  (Dkt. No. 6 at 1-2.)  Specifically,

21  respondents state that petitioner served the United States' Attorney's Office, but did not do so via

22

23            [3]  Although petitioner filed a proof of service reflecting that he served a copy of the
    petition to quash by mail on respondent Randall Zielke, Revenue Agent with the Internal
24  Revenue Service ("IRS"), and the relevant financial institutions, there is no evidence to indicate
    that he served the petition on respondent United States in accordance with Federal Rule of Civil
25  Procedure 4(i).  (See also Dkt. No. 1 at 9, ¶ 9.)  Further, the petitioner's proof of service does not
    reflect that his petition was mailed by certified or registered mail, rather than standard postal
26  mail, to the IRS or Randall Zielke.  (See Dkt. No. 1 at 9, ¶ 10; 26 U.S.C. § 7609(b)(2)(B).)

certified mail or via personal service.  (Id. at 1.)  Respondents also state that petitioner did not

serve the United States *Attorney General*, and that petitioner never filed a proof of service

reflecting that the court's June 29, 2010 order was ever properly served upon the United States.

(Id. at 1-2.)  Respondents argue that petitioner—not respondents—violated the court's June 29,

2010 order, and that given these service issues, respondents' "briefing schedule has not yet begun

to run."  (Id. at 2.)

Respondents filed a motion to dismiss the petition to quash on the same day they

filed their response to the OSC.  (Dkt. Nos. 5-6.)  Respondents argued both that Gjerde's petition

lacks substantive merit and that his failure to properly effect service is sufficient to warrant the

summary denial of his petition.  (Dkt. No. 6 at 2; Dkt. No. 5 at 1.)[4]  The fact that the petition was

apparently served via first class mail instead of certified mail, and that the petition may not have

been properly served upon the United States Attorney General, may each be sufficient to warrant

summary denial of the petition.  However, in this particular case the undersigned need not

determine the consequences of such service because the petition is deficient on the merits.

## II.   LEGAL STANDARDS

The government can defeat a petition to quash if the government makes a *prima*

*facie* showing of good faith and the taxpayer fails to establish an adequate defense.  United States

v. Powell, 379 U.S. 48, 57-58 (1964).[5]  Under Powell, respondents need only make a *prima facie*

showing of good faith in the issuance of the summons.  Lidas, Inc. v. United States, 238 F.3d

1076, 1081-82 (9th Cir. 2001) (citing Powell, 379 U.S. at 57-58).  Respondents' burden under

Powell is "slight."  Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir. 2008).

---

[4]  Petitioner did not file a reply or otherwise respond to the motion to dismiss.  The undersigned took the matter under submission, as neither party requested oral argument.  (Dkt. No. 2 at 2.)

[5]  The Powell factors apply when courts consider petitions to quash IRS summonses. E.g., Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995); Belsby v. Comm'r, No. CV-04-304-RHW, 2004 WL 3168262, at *1 (E.D. Wash. Dec. 2, 2004) (not reported).

1    Respondents must establish that: "(1) the investigation will be conducted for a

2  legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is

3  not already within the Commissioner's possession; and (4) the administrative steps required by

4  the Internal Revenue Code have been followed." Lidas, Inc., 238 F.3d at 1081-82 (citing Powell,

5  379 U.S. at 57-58); accord Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).  Courts

6  have consistently recognized that declarations or affidavits by IRS directors or agents generally

7  satisfy the Powell requirements.  Lidas, Inc., 238 F.3d at 1081-82 (citing cases); accord Crystal,

8  172 F.3d at 1144 (holding that the government's burden "may be satisfied by a declaration from

9  the investigating agent that the Powell requirements have been met") (citing cases).  The IRS's

10  summons power "must be construed broadly." Stewart, 511 F.3d at 1254.

11    Once the IRS establishes a prima facie case for enforcement of its summons under

12  Powell, the burden shifts to the taxpayer, who "may challenge the summons on any appropriate

13  ground," including failure to meet the Powell requirements.  Lidas, Inc., 238 F.3d at 1081-82

14  (citing Powell, 379 U.S. at 58.)  The taxpayer must demonstrate "an abuse of process" or "the

15  lack of institutional good faith." Stewart, 511 F.3d at 1255.  The taxpayer bears a "heavy"

16  burden to rebut the presumption of good faith. Id.; Lidas, Inc., 238 F.3d at 1081-82 (citing

17  United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc).)  Those "opposing

18  enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil

19  tax determination or collection purpose by the [Internal Revenue] Service." Crystal, 172 F.3d at

20  1144.  To meet this heavy burden, "the taxpayer must allege *specific facts and evidence* to

21  support his allegations of bad faith or improper purpose." Id. (emphasis added).

22  III.    DISCUSSION

23        A.    Order to Show Cause

24    In their "Response of the United States to the Court's Order to Show Cause,"

25  respondents explained that their failure to timely file and serve an opposition to the petition was

26  due to the fact that petitioner failed to properly effect service upon them.  (Dkt. No. 6 at 1-2.)  A

4

1  review of the court's docket confirms that petitioner did not refute these service issues.

2  Respondents' explanation is sufficient to explain their failure to timely oppose the petition.

3  Accordingly, the OSC is discharged.

4                  B.    <u>Petition to Quash</u>

5           Respondents have made their *prima facie* showing under <u>Powell</u>.  <u>See</u> <u>Powell</u>, 379

6  U.S. 48, 57-58 (1964).  Agent Zielke's declaration in support of the motion to dismiss meets the

7  first <u>Powell</u> requirement: that the summonses were issued pursuant to the legitimate purpose of

8  examining Gjerde's 2007 and 2008 federal income tax returns.  (Dkt. No. 5-2, Zielke Decl. at ¶¶

9  3-7.)  The Internal Revenue Code specifically authorizes the issuance of summonses for the

10  purpose of determining the correct tax liability of any taxpayer.  <u>E.g.</u>, <u>Belsby v. Comm'r</u>, No.

11  CV-04-304-RHW, 2004 WL 3168262, at *1 (E.D. Wash. Dec. 2, 2004) (not reported).  A

12  declaration from the revenue agent who issued the summons at issue stating that the agent is

13  conducting an investigation into the individual federal tax liability of the petitioner is sufficient

14  to meet the first prong of the <u>Powell</u> factors.  <u>E.g.</u>, <u>id.</u>; <u>Lidas, Inc.</u>, 238 F.3d at 1081-82 (citing

15  cases); <u>Crystal</u>, 172 F.3d at 1144.

16           Agent Zielke has also declared that the requested bank records are relevant to

17  determining petitioner's tax liability, so the second <u>Powell</u> factor is satisfied.  (Dkt. No. 5-2,

18  Zielke Decl. at ¶¶ 3-7.)  The information sought by the IRS summonses need only be *potentially*

19  relevant.  <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 813-14 (1984).  There need only

20  be a "realistic expectation" that relevant information "might be discovered."  <u>Hasty v. United</u>

21  <u>States</u>, No. MISC S-06-0049 MCE KJM PS, 2006 WL 3020945, at *2 (E.D. Cal. Oct. 23, 2006)

22  (not reported).  Here, the requested bank records may reflect or verify Gjerde's proper reporting

23  of his income.  <u>See</u> <u>e.g.</u> <u>Valley Escrow Trust v. United States</u>, 107 F.3d 19, 1996 WL 726636, at

24  *1 (9th Cir. 1996) (memorandum opinion) (not reported) (finding bank records were relevant to

25  determine flow of funds); <u>Hasty</u>, 2006 WL 3020945, at *2 (holding that bank statements and

26  other financial documents requested by the Summons would "help determine whether the federal

1   income tax liabilities the [petitioners] reported . . . are correct" and were therefore "relevant" to

2   meet the second Powell factor).  Petitioner's argument that the requested documents include

3   records from his Client Trust Accounts and therefore, by definition, are not relevant to *his* own

4   personal tax liability (Dkt. No. 1 at 4) is not well-taken, especially in light of Agent Zielke's

5   declaration that the IRS's investigation seeks in part to ascertain whether the funds deposited into

6   those accounts were indeed funds held in trust as opposed to petitioner's business receipts or

7   income.  (Dkt. No. 5-2, Zielke Decl. at ¶¶ 4-7.)

8           The third and fourth Powell factors have also been met here.  Agent Zielke has

9   declared that the requested information is not already within the IRS's possession (Dkt. No. 5-2,

10  Zielke Decl. at ¶ 8), and that he has complied with all administrative steps required by the United

11  States Code (Dkt. No. 5-2, Zielke Decl. at ¶¶ 5,10).  See Hasty, 2006 WL 3020945, at *2

12  (holding that IRS agent's declaration was sufficient to satisfy these factors); Stewart, 511 F.3d at

13  1255 (agent's declaration sufficient to satisfy the government's "slight" burden under the fourth

14  Powell factor).  Finally, while petitioner alleges that, in his opinion, the IRS already possesses

15  the information targeted by the summonses at issue, petitioner does not support his opinion with

16  any specific facts, evidence, or a declaration.  (Dkt. No. 1 at 4.)  Given Agent's Zielke's

17  confirmation that the IRS does *not* have the requested information, petitioner's unsupported and

18  vague contention otherwise is not well-taken.  See Crystal, 172 F.3d at 1144.

19          Accordingly, because the IRS has met its burden, petitioner faces the "heavy"

20  burden of showing bad faith or an improper purpose.  See Hasty, 2006 WL 3020945, at *2.

21  However, petitioner alleges neither bad faith nor an improper purpose, and has not met his heavy

22  burden of presenting specific facts and evidence to support either of these possible contentions.

23  Instead, as noted above, petitioner's arguments appear to be that: (1) the IRS already possesses

24  the information it seeks (Dkt. No. 1 at 4); and (2) the summons improperly seek "confidential"

25  documents.  (Dkt. No. 1 at 4.)  As noted above, the first argument is unsupported by specific

26  facts or evidence and is not well-taken here.  The second argument is equally unsupported and is

6

1    addressed below.

2          Petitioner's general claim that the summonses target some "confidential"

3    documents appears to be an assertion of attorney-client privilege on behalf of his clients who

4    might be identified within documents relating to his client trust accounts.  (Dkt. No. 1 at 4.)

5    Petitioner does not elaborate on the nature of the "confidentiality" argument he raises.  The

6    argument lacks both legal and factual support and is not well-taken.  "It is well-settled that there

7    is no privilege between a bank and a depositor."  Reiserer v. United States, 479 F.3d 1160, 1165

8    (9th Cir. 2007) (citing Harris v. United States, 413 F.2d 316, 319-20 (9th Cir. 1969)).  More

9    importantly, "there is no confidentiality where a third party such as a bank either receives or

10   generates the documents sought by the IRS."  Id.  The "attorney-client privilege applies only

11   where the communication between attorney and client is confidential," so there appears to be no

12   privilege protecting the financial documents the IRS seeks in the present action.  See id.

13   Moreover, the privilege "protects neither a client's identity nor information regarding the fee

14   arrangements reached with that client."  Id.  Further, the limited exception to this rule, where

15   disclosure of clients' identities "would convey information tantamount to a confidential

16   communication," United States v. Blackman, 72 F.3d 1418, 1424-25 (9th Cir. 1995), does not

17   apply in this case.  Here, petitioner has not described how such a protected communication might

18   conceivably be in the possession of the third-party banks that received summonses in this case.

19          Regardless, courts have held that bank records pertaining to an attorney's client

20   trust accounts are not protected by the attorney-client privilege.  E.g., Rosingana v. United States,

21   No. Misc S-07-88 LEW KJM, 2008 WL 183502, at *1 (E.D. Cal. Jan. 18, 2008) (not reported)

22   (holding that there is no attorney-client privilege that bars disclosure of California State Bar trust

23   account information); Edwards v. IRS, No. C 06-05331 WHA, 2006 WL 3499273, at *2 (N.D.

24   Cal. Dec. 4, 2006) (not reported) (rejecting assertion of attorney-client privilege with respect to

25   an attorney's trust account bank records, because petitioner "presented no evidence supporting

26   his assertion of privilege"); United States v. Bank of California, 424 F. Supp. 220, 225 (N.D. Cal.

1  1976) ("More importantly, Applicant is not called upon to reveal his clients' identities.  The

2  clients' names appear on copies of checks which are in the hands of a third-party bank and, as

3  noted, the summons is directed at the Bank."); Matz v. United States, No. CIV 96-0957-PHX-

4  SMM, 1996 WL 628469, at *2 (D. Ariz. July 24, 1996) (not reported) (noting that even if the

5  documents in question had at one time been privileged, the privileged had been waived by

6  turning the documents over to a third-party bank).

7          In sum, respondents have met their burden under Powell, but petitioner has not

8  met his heavy burden of showing the summonses were issued in bad faith or for an improper

9  purpose.  Likewise, petitioner has also failed to supply any specific facts or evidence supporting

10  application of the attorney-client privilege or any other argument that would warrant quashing the

11  summonses.

12  ////

13  ////

14  ////

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1    For the foregoing reasons, IT IS HEREBY ORDERED that:

2    1.    The Order to Show Cause (Dkt. No. 4) is discharged.

3    Additionally, IT IS HEREBY RECOMMENDED that:

4    1.    Gjerde's petition to quash (Dkt. No. 1) be dismissed, and Respondents'

5    motion to dismiss (Dkt. No. 5) be granted;

6    2.    The Clerk of the Court vacate all future dates in this action; and

7    3.    The Clerk of the Court close this case.

8    These findings and recommendations are submitted to the United States District

9    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10   days after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Id.; see also E. D. Local Rule 304(b).

12   Such a document should be captioned "Objections to Magistrate Judge's Findings and

13   Recommendations."  Any response to the objections shall be filed with the court and served on

14   all parties within fourteen days after service of the objections.  E. D. Local Rule 304(d).  Failure

15   to file objections within the specified time may waive the right to appeal the District Court's

16   order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

17   1156-57 (9th Cir. 1991).

18   **IT IS SO ORDERED AND RECOMMENDED**.

19   DATED:  April 7, 2011

20

21

22   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

9